**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

**CIVIL CASE NO. 09-7095-KSF-CJS**
**CRIMINAL NO. 06-19-KSF-CJS**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

v.                          **REPORT AND RECOMMENDATION**

**CHARLES RAY WISE**                                                 **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

On September 14, 2009, Defendant Charles Ray Wise filed a Motion to Vacate, Set Aside

or Correct Sentence under 28 U.S.C. § 2255. (R. 110). The United States filed a Motion to Dismiss

(R. 112), to which Wise filed a Response (R. 113), styled "Motion to Reconsider Defendents [sic]

Request for Leave to Proceed in Forma Pauperis - § 2255."[1] (R. 113). Having all relevant documents

before the Court, the matter is now ripe for consideration and preparation of a Report and

Recommendation. 28 U.S.C. § 636(b). For reasons set forth below, it is recommended that

Plaintiff's Motion to Dismiss be **GRANTED** and Defendant's § 2255 motion be **DENIED.**

### I. Background

On May 4, 2006, Wise was indicted in a six-count Superceding Indictment, charging him

with production of child pornography, receipt of child pornography, traveling in interstate commerce

for the purpose of engaging in illicit sexual conduct with a minor, transporting a minor in interstate

---

[1]The Court previously granted Defendant's Motion to Proceed in Forma Pauperis (*see* R. 111); therefore, reconsideration of that motion request is unnecessary. The wording of Defendant's motion suggests he mistakes the United States' Motion to Dismiss as an order of the Court. It is herein recommended that Defendant's Motion to Reconsider Defendents [sic] Request for Leave to Proceed in Forma Pauperis - § 2255 be construed to be what it actually is; namely, a Response to the Government's Motion to Dismiss.

commerce with the intent to engage in sexual activity, and making false, fictitious, or fraudulent statements to federal law enforcement. (R. 30).

Wise's jury trial commenced on October 2, 2006, and concluded on October 6, 2006, when the jury returned a verdict of guilty on four of the six counts: knowingly traveling in interstate commerce from Kentucky to Arkansas for the purpose of engaging in illicit sexual conduct with a minor; knowingly transporting a minor female from Arkansas to Kentucky with intent to engage in sexual activity for which any person could be charged with a criminal offense; possessing child pornography; and making false, fictitious and fraudulent statements to federal law enforcement. (R. 69). The Court declared a mistrial as to Counts One and Two. (R. 64).

On December 21, 2006, Wise appeared before the Court for sentencing. The Court, departing upward from the applicable Sentencing Guideline range, sentenced Defendant to a 360-month term of imprisonment, to be followed by a life term of supervised release. On December 27, 2006, Wise appealed his conviction and sentence. On May 19, 2008, the Sixth Circuit affirmed the conviction and sentence on direct appeal. (R. 106). A petition for certiorari was not filed, despite Wise's claim that he instructed his appellate counsel to file such a petition.

## II. Analysis

On September 14, 2009, Wise filed the pending motion pursuant to 28 U.S.C. § 2255. The United States responded, arguing that Wise's motion was untimely and, therefore, should be denied. Wise admits that the motion is untimely, but seeks an equitable tolling of the limitations period.

Wise argues that after the Sixth Circuit affirmed his conviction and sentence, he instructed his counsel to file a petition for writ of certiorari, to which counsel replied that it was "happening and he had it under control." Wise states that he called his counsel several times to see if the

Supreme Court had ruled on his petition and that his counsel told him it could take awhile, but that he would contact Wise after the Supreme Court ruled. After waiting several months without hearing anything, Wise began trying to contact counsel again. He states that over a period of "several weeks" he made numerous calls to his counsel's office, "but never got anyone to answer." Eventually his sister was able to contact counsel, who allegedly told her that because he had filed a petition for a writ of certiorari, Defendant had a 90-day extension to file a motion under 28 U.S.C. § 2255 and, thus, it was due by "the last of September of 2009." Wise argues that based on the confusion caused by his counsel's misrepresentations and advice, he missed the deadline by one day and asks this Court to permit the late filing.

Wise's conviction became final on August 17, 2008, at the conclusion of the 90-day period for filing a petition for a writ of certiorari seeking review of the Sixth Circuit's May 19, 2008, decision affirming his conviction and sentence. Therefore, Wise had until August 17, 2009, one-year from the date his conviction became final, to file his motion under 28 U.S.C. § 2255. Wise, however, did not file his motion until September 14, 2009. (R. 110). Wise argues that he put the motion in the prison mailing system on September 1, 2009. Nevertheless, even giving Wise the benefit of the mailbox rule,[2] his motion was filed fifteen days after the one-year limitations period expired.

Wise contends that his delayed filing should be excused because the delay was caused by his counsel's misrepresentation that he had a filed a petition for certiorari on Defendant's behalf and that his § 2255 motion was not due until the end of September.

_____

[2]Under the "mailbox rule," a document is deemed filed at the time the prisoner delivers it to the prison authorities for forwarding to the court clerk. *Houston v. Lack,* 487 U.S. 266, 276 (1988).

While courts have held that the one-year limitations period is not jurisdictional and may be tolled by the egregious misconduct of an attorney, the circumstances must be extraordinary; ordinary attorney negligence will not justify equitable tolling. *See Whalen v. Randle,* 37 F. App'x 113, 120 (6th Cir. 2002); *Elliott v. DeWitt,* 10 F. App'x 311, 312 (6th Cir. 2001).

Wise bears the burden of demonstrating that he is entitled to equitable tolling, and the Court should apply the doctrine sparingly. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002); *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt,* 337 F.3d 638, 642-43 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 561 (6th Cir. 2000)).

The Sixth Circuit has held that in determining whether to equitably toll the one-year statute of limitations in § 2255 cases, a court should consider the following five factors set out in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988): (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap*, 250 F.3d at 1008. The list of factors is not comprehensive and all of the factors are not necessarily relevant in every case. *Jurado*, 337 F.3d at 643.

Here, Wise has not met his burden. The first, second, third, and fifth factors do not weigh in Wise's favor. In addition, the fourth factor, whether the Respondent will be prejudiced, is to be considered only after a factor that might justify tolling is identified. *Jurado*, 337 F.3d at 644 (citing

4

*Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151-52 (1984)). Thus, applying the factors to the facts presented results in a finding that equitable tolling is not warranted in this case.

Wise does not allege that he was unaware of the one-year filing requirement. Instead, he argues that he was mislead by his appellate counsel into believing he had until the end of September to file his motion because of a 90-day extension. Wise argues his counsel never filed the petition for certiorari, despite his instructions to the contrary, and that it was this failure that caused him to miss his deadline for filing a § 2255 motion with this Court. Wise's explanation, however, is not compelling.

First, in the letter Wise's appellate counsel sent to him notifying him that the Sixth Circuit had affirmed his conviction and sentence, counsel advised Wise that he had 90 days to file a petition for a writ of certiorari with the United States Supreme Court. (R. 113, at exh. 1). Counsel also explained that absent Wise asking the district court to appoint him to represent Wise's interest before the Supreme Court, he had no further responsibility to him as his appellate counsel. (R. 113, at exh. 1). There is no evidence that Wise requested, within that 90-day period, that this Court appoint him counsel to represent him in the Supreme Court.

Further, Wise claims that his counsel told him that he had filed the petition with the Supreme Court and that they needed to wait for the High Court to rule. He alleges that after several months, he attempted to contact his counsel multiple times to check the status of the petition for a writ of certiorari, but no one answered his calls. He does not, however, provide any evidence of when or how often he called, whether he left messages or used other means to attempt to contact counsel. He also argues that his sister finally contacted counsel and learned that Defendant had until the end of September to file his § 2255 motion, but, again, Wise does not provide any evidence of the date

his sister made contact with counsel, or the specifics of what was said. Thus, Wise leaves the Court to speculate as to the extent of his diligence. *See Ajazi v. Gonzales*, 216 F. App'x 515, 520 (6th Cir. 2007) (finding appellant failed to meet burden of establishing entitled to equitable tolling where appellant's affidavit failed to provide dates and time he contacted counsel, leaving both the number and frequency of his attempts to the imagination).

Moreover, the record in this matter evidences that on January 14, 2009, eight months before he filed his motion, Wise asked the Clerk's Office to send him the forms for filing a § 2255 motion, which the Clerk forwarded to him. (R. 108). Wise has not provided any explanation as to why he waited eight months to complete the forms and file them.

Lastly, even if Wise's appellate counsel misinformed him of the filing deadline, a "lawyer's mistake is not a valid basis for equitable tolling." *Jurado*, 337 F.3d at 644 (quoting *Whalen v. Randle*, 37 F. App'x 113, 120 (6th Cir. 2002) and citing cases from other circuits); *see also United States v. Fairchild*, No. 6:06-15, 2007 WL 4561488, \*1 (E.D. Ky. Dec. 21, 2007) (evidence that former counsel told defendant wrong due date for filing § 2255 motion does not provide basis to justify equitable tolling of statute of limitations).

### III. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a

certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a defendant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of the Wise's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability be **DENIED** upon the District Court's entry of its final order in this matter.

### IV. Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED** that:

(1) Defendant Wise's Motion to Reconsider (R. 113) be construed as a Response to the United States' Motion to Dismiss;

(2) The United States' Motion to Dismiss (R. 112) be **granted;**

(3) Defendant Wise's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (R. 110) be **denied;**

(4)     A Certificate of Appealability be **denied** by the District Court in conjunction with the Court's entry of its final order in this matter; and,

(5)     This action be **stricken** from the active docket of the Court.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen (14) days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Dated this 9th day of June, 2010.



Signed By:

*Candace J. Smith*

**United States Magistrate Judge**

G:\DATA\habeas petitions\equitable tolling issues\06-cr-19Wise2255