UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CRIMINAL ACTION NO. 06-19-KSF
(Civil Action No. 09-7095-KSF)

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.                                    **OPINION & ORDER**

CHARLES RAY WISE                                                                           DEFENDANT

* * * * * * * * * * * * * *

On September 14, 2009, defendant Charles Ray Wise filed his *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE #110]. The United States filed a Motion to Dismiss [DE #112] to which the defendant filed a Response [DE #113]. Consistent with local practice, these matters were referred to the United States Magistrate Judge for consideration.

The Magistrate Judge filed his report and recommendation on June 9, 2010 [DE #115]. The Magistrate Judge recommends denying Wise's § 2255 motion as untimely. The Magistrate Judge noted that the defendant admits that his motion is untimely but seeks equitable tolling of the limitations period. The Magistrate Judge recommends rejection of the defendant's request for equitable tolling because he has not met his burden of demonstrating that he is entitled to it. Specifically, he did not show that any of the five factors in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988), have been met. The defendant does not allege that he was unaware of the one-year filing requirement. Instead, he argues that he was mislead by his appellate counsel into believing he had until the end of September to file his motion because of a 90-day extension. The Magistrate Judge rejected the defendant's argument that his counsel never filed the petition for certiorari, despite his instructions to the contrary, and that it was this failure that caused him to miss his deadline for filing

a § 2255 motion with this Court because the record does not support this argument. The Magistrate Judge also noted that even if the defendant's appellate counsel misinformed him of the filing deadline, a "lawyer's mistake is not a valid basis for equitable tolling." *Jurardo v. Burt*, 337 F.3d 638, 644 (6th Cir. 2000).

The defendant filed objections to the Magistrate Judge's report and recommendation on July 1, 2010 [DE #121]. This Court must make a *de novo* determination of those portions of the Magistrate Judge's report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). The defendant essentially reasserts the arguments raised in his original motion. Regardless, having considered the defendant's objections, which the Court finds to be without merit, and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's report and recommendation. Therefore, the defendant's objections will be overruled.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's report and recommendation to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections with the Court to a Magistrate Judge's report and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, the Court, having examined the record and having made a *de novo* determination, is in agreement with the Magistrate Judge's report and recommendation as to the defendant's motion.

In determining whether a certificate of appealability should issue as to the defendant's claim, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United

States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

Id. at 484. In the present case, the Court determines that the petitioner has not presented a close call or one which is "debatable" and a certificate of appealability will not issue.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1) the Magistrate Judge's report and recommendation [DE #115] is ADOPTED as and for the opinion of the Court;

(2) the defendant's objections to the Magistrate Judge's report and recommendation [DE #121] are OVERRULED;

(3) the defendant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [DE #110] is DENIED;

(4) judgment will be entered contemporaneously with this opinion and order in favor of the United States; and

(5) this is a final Order and, pursuant to 28 U.S.C. § 2253(c), the Court finds that the defendant has not made a substantial showing of the denial of a constitutional right and thus no certificate of appealability shall issue.

This August 25, 2010.



**Signed By:**

**_Karl S. Forester_** KSF

**United States Senior Judge**