UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:06-19-KKC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| CHARLES RAY WISE, | |
| Defendant. | |

**\*\* \*\* \*\* \*\* \*\***

This matter is before the Court on Defendant Charles Ray Wise's motions requesting that the Court order his release from prison and to appoint counsel. (DE 134.) On October 6, 2006, a jury convicted Wise of the following offenses: interstate travel to engage in sexual conduct with a minor, interstate travel with a minor for illegal sexual conduct, possession of child pornography, and making false statements to federal law enforcement officers. (DE 69; DE 80.) Judge Karl Forester sentenced Wise to 360 months of imprisonment on December 28, 2006. (DE 80 at 1-2.) His projected release date is August 19, 2031. He is currently incarcerated at FCI Loretto. This action was reassigned to the undersigned. (DE 132.)

Wise now moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." He states that he has been diagnosed with melanoma cancer and has knee issues. Wise also contends that he was diagnosed with COVID-19, and as a result, he has experienced breathing issues. He also asserts that both of his parents are suffering from cancer. For the following reasons, Wise's motions (DE 134) are denied.

1

**I.**

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons ("BOP") filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2002). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . " 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834 (citation and quotation marks omitted). Here, the government concedes that Wise has exhausted all administrative remedies required. (DE 138 at 6.) Therefore, the Court has authority to consider Wise's request for compassionate release.

**II.**

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The statute does not define what it means to be "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has recently determined the policy statement applies only to motions filed by the BOP and does not apply when a defendant moves for compassionate release on his own behalf. *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained by the reasons enumerated in § 1B1.13's application note. *See id.*; *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, courts need not rely on the application note as binding in its analysis; instead, a court may exercise its "full discretion" to determine whether the defendant has demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111, and, if so, whether the section 3553(a) factors weigh in favor of release.

For purposes of this motion, the Court will assume that Wise's health condition amidst the COVID-19 pandemic in a prison setting presents extraordinary and compelling circumstances that would warrant a sentence reduction. Even assuming, however, that extraordinary and compelling circumstances do exist that warrant a sentence reduction, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1107-1108. These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

   (3) the kinds of sentences available;

18 U.S.C. § 3553(a)(1)-(3).

  The § 3553(a) factors also include the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense."  § 3553(a)(4)-(7).

  Judge Forester considered these factors extensively at Wise's sentencing hearing.  (DE 101, Sent. Tr.)  This Court has reconsidered these factors for the purposes of this motion.  The nature and circumstances of Wise's crimes are serious—he is convicted of committing several sexual crimes against minors.  He engaged in a romantic and sexual relationship with a 14-year-old female over a few months.  *United States v. Wise*, 278 F. App'x 552, 555-56 (6th Cir. 2008).  During the course of that relationship, Wise and the victim exchanged sexually explicit images.  *Id.* at 556.  Wise also crossed state lines from Kentucky to Arkansas multiple times to meet with the victim and engage in sexual activity with her.  *Id.* at 557.  On one occasion, Wise picked up the victim from her grandmother's home in Arkansas, drove the victim to Kentucky, and engaged in sexual activity with her there.  *Id.*  When questioned about the victim's whereabouts by law enforcement after the victim went missing from Arkansas, Wise repeatedly denied any knowledge of her whereabouts.  *Id.* at 557-58.  As a result of Wise's crimes against her, the victim contracted an incurable sexually transmitted disease and suffers from post-traumatic stress disorder.  *Id.* at 566.  Law enforcement later discovered child pornography on Wise's computer.  *Id.* at 558.  Wise has no prior convictions.  (PSR ¶ 83.)  But based upon the record before it, the Court cannot find that Wise would not pose a danger to the safety of minors or the community if he were to be released.

The guideline range for Wise, as established under the sentencing guidelines, was 235 months to 293 months. (Sent. Tr. at 30:1-4.) However, due to the "reprehensible" conduct of Wise, Judge Forester departed from the guidelines and sentenced Wise to 360 months of imprisonment. (Sent. Tr. at 44:15-17, 45:5-10.) This Court agrees that Wise's crimes warrant such a sentence. And, to date, Wise still has over ten years left to serve on his sentence. Considering the need for Wise's prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is simply not appropriate.

Finally, the Court will deny Wise's motion for appointment of counsel. There is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582. *United States v. Walker*, Criminal Action No. 6:06-111-DCR, 2019 WL 3240020, at *4 (E.D. Ky. July 18, 2019) (citing *United States v. Bruner*, No. 5:14-cr-05-KKC, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017)). The decision to appoint counsel falls within the Court's discretion, but appointment of counsel is unnecessary where the issues raised in a § 3582 motion "are straightforward and resolvable upon review of the record." *United States v. Clark*, Criminal Action No. 6:07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019). The Court finds that denial of Wise's § 3582 motion is appropriate; therefore, there is no reason to appoint him counsel.

### III.

Accordingly, in consideration of the § 3553(a) factors and for the reasons stated in this opinion, it is not appropriate to order Wise's release at this time. The Court HEREBY ORDERS that Defendant Charles Ray Wise's motion for compassionate release and motion to appoint counsel (DE 134) are DENIED.

Dated February 12, 2021



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY